Judge Ukdeuwood
delivered the opinion of the Court.
On the 17tb of June, 1819, Shadrack Barclay conveyed to William Morriss, all his, Barclay’s interest in the estates of his deceased father and his grand father, Robert Stevens, for the consideration as expressed in the deed, of f>5Q. On the same day, Morriss gave an obligation to Barclay, from which it *375 appears, that he intended to bind himself to furnish Barclay, in “corn, wheat, pork and clothing,” thirty dollars annually, during his natural life, in consideration of Barclay’s interest in the estates conveyed. And on the same day, Morriss and Barclay, entered into an agreement, by which, Morriss in substance, stipulates to furnish Barclay with the house, in which he lived, at that time, during his natural life, with the privilege, to use Morriss’s spring, and to get fire wood off his land, so long, as he, Barclay, might remain in the house, if Barclay left the house, it was to be Morriss’s. Barday, during the time he occupied the house, was to make shoes for Morriss’s family, as compensation for the use of the house. The foregoing, are the contracts, as set out by the parties, and which were reduced to writing, constituting three separate instruments of the same date. Thomas S. Barclay, administered on the estate of William Barclay deceased, the father of Shadrack. Thomas S. the administrator, instituted suit against Shadrack, and the other distributees of his father, for the purpose of settling the affairs of the estate. In the progress of this suit, John V. Webb, John D. Craig, John Stevenson and Jeremiah Tariton, were appointed commissioners, to make sale of certain slaves, belonging to the estate, on a credit of twelve months, to take an account of advancements made to the several distributees, collect the amount of sales, settle the accounts, and pay over to the distributees, their respective shares.. The commissioners made a report as they were required to do; upon the coming in of which, the court rendered a final decree, directing the administrator, to pay to Shadrack Barclay, $32 69 1-2 his distributive share of the personal estate, and directing the commissioners, to pay to said Shadrack and others, by assigning or transferring to them, the notes taken for the Sales of slaves, $432 4b 1-2 cash.
In November, 1820, Morriss filed his bill against said commissioners, and Thomas S. Barclay, the administrator, and said Shadrack, praying that the commissioners and administrator, might be enjoined and restrained from paying over to said Shadrack, the aforesaid sums of money. The court granted a restrain *376 ing order, of which the administrator and commissioners, except Stevenson, were notified, bj the service of processs, on the 10th of December, 1820, and Stevenson, on the 9th of February, 1821. The object of Morriss’s bill, was to compel the administrator and commissioners, to pay him Shadrack Barclay’s interest, as settled by the decree of the court, and to prevent its getting into the hands of Shadrack. He charges that they had full notice of his right and claim, and that Stevenson, one of the commissioners without the knowledge of the rest, had transferred to said Shadrack, one of the sale notes, amounting to nearly his share “or rather pretends to have purchased from said Shadrack, said note, as so much of his distributable shared A decree is insisted on, against said Stevenson.
Shadrack Barclay, states in his answer, that Mor-riss failed to comply with his engagements, and treated him so indifferently and badly, that he left Morriss, after remaining with him about two years, during which time, his work and labour for Morriss, was worth more, as he alleges, than the articles furnished him. Under such circumstances, and having his part of the estate at his contronl, he called upon the commissioners, on the day of distribution, and received his part from them. Thomas S. Barclay, the administrator, states in his answer, that on the 19th of August, 1820, he paid to Shadrack Barclay, the $32 69 1-2, which he was entitled to, and took his receipt therefor, which is exhibited. The administrator does not deny, that he was well informed, that Shadrack Barclay, had sold his interest, in his fathers estate, to Morriss, he evades the allegation of notice, by saying, that he “never saw any instrument of writing, as spoken of by the complainant, between the complainant and said Shadrack;and if he had he does not consider he was bound to notice it, &c.” It is very clear, from the bill, answer of the administrator, and the evidence, that the administrator was well apprized of the fact, that said Shadrack, had sold his interest in the estate, to Morriss.
From the answers of the commissioners, and the evidence in the cause, it is equally manifest, that they *377 Viere well apprised of the fact, that Shadrack Barclay had sold his interest in the estate, to Morriss, but that they refused to recognize Morriss-, as an interest, in all probability, because they thought, he had overreached Shtidrack, in the contract, and had not acted towards him, as he should have done. They say, “it was pretended by Morriss, that he had a claim, but he never shewed it, &c.” BaVclay, the Administrator, Stevenson, and the other commissioners, deny having in their hands, any funds, belonging to Shadrack Barclay. Stephenson denies having purchased from him, any note or account, of his share of the estate. The other commissioners in their answer-, say that Shadrack Barclay, has received his full share of the estate of William Barclay, deceased, and exhibit his receipt to Thomas S. Barclay, for §50, in full of his share or claim, against the estate, but without date.
According to the allegations of this bill, the interlocutory decree, appointing commissioners to sell the slaves, &c. was rendered at the June term, 1819, of the Scott circuit court, and the final decree, was pronounced, at the March term, 1820. it does not appear on what day, the slaves were sold. Neither does it appear, when or how, the commissioners made distribution of the bonds in their hands, in pursuance of the decree of the court.
Upon the foregoing facts, the question brises, whether the complainant, Was entiled to a decree, against the administrator of William Barclay, deceased, for the $32 69 1 2, the share of Shadrack Barclay, which the court directed him to pay said Shadrack, or against the commissioners, for the $432 45 1-2, said Shadrack’s share of the slaves, sold by them. We concur with the circuit court, that thescomplainant was not entitled to a decree, against these parties, for these sums, it was the duty of the administrator and commissioners, to comply with the decree of the. court, rendered at the March term, 1820, which required them', to pay these sums, to Shadrack Barclay. Morriss was no party to that suit. His bill shews, that he had hotice of its pendency, and it was his privilege, as well asduty, in'ense his interests were *378 likely to be affected by it, to have made himself a par-*3'5 by Pillion, in the nature of a bill of interpleader. His failure to do so, prevents him from insisting, that notice to the administrator, and commissioners of his equity, should have induced them to violate the command of the decree, and refuse to pay Shadrack Barclay, the sums which the court had directed, should be paid to him. Shadrack Barclay’s interest in the negroes, was but a chose in action, and no more than an equity, the legal title, being rested in the administrator, who never parted with it, until they were sold, in pursuance of the decree of the court. The estate having been subjected by the institution of the suit, to the controul, and disposal of a competent judicial tribunal, the complainant, Morriss, could not thwart its orders, by any notice, however formal, given to the parties litigant, or to the agents employed by the tribunal, to execute its orders. The only practicable measure, which Morriss could have adopted, would have been, to throw himself, before the court, and call' upon it, to respect his claims. In this he failed. Nevertheless, if the defendants had not paid over to Shadrack Barclay, the sums decreed in his favour, previous to the service of process upon them, in this suit, the complainant might yet be entitled to the relief asked. As already remarked, it does not appear, when, or how, Shadrack Barclay, was paid. But as he should have been paid' according to the decree, before the institution of this suit, and as the defendants positively deny, having in their hands, any funds, belonging to said Shadrack, from which it necessarily follows, that they have disposed of them, andin the absence of proof to the contrary, we ought to presume correctly; and as the complainant has not, as he might have done, by proof or a special and particular appeal, to the consciences of the defendants, asking a disclosure, as to the time and manner of payment, shewn, that Shadrack Barclay received from the defendants, the sums of money, decreed to him, after they were served with process, in this cause, we have considered the case, as though the money had been paid before this suit was brought; and in that view, the court properly refused to decree ■against the administrator, and commissioners.
*379 There are some other points, which we shall now proceed to notice. It appears that four slaves were allotted to the widow of Wiliam Barclay, as her dower right. By the terms, of the deed from Shadrack Barclay to Morriss, the interest of the former in these slaves, in remainder, passed to the latter. Thomas S. Barclay, asserted claim, to the interest of Shadrack, in the remainder of these dower slaves, under a contract, subsequent in date, to that, under which Morfiss asserts title, and these conflicting clauses, were brought in litigation.
The court made no decree, expressly operating on this part of the controversy. The bill of the complainant, was dismissed with costs. As the widow of William Barclay, was not dead, the remainder in the dower slaves, was not in a situation, to be immediately beneficial to the parties, litigant,and there was On that account, no very urgent necessity, to settle the controversy, in respect to them. It is very clear however, that Morriss is entitled to Shadrack Barclay’s interest in these dower slaves, in preference to Thomas S. Barclay, unless the contracts between Morriss, and Shadrack Barclay, should be set aside. Shadrack Barclay’s interest in the dower slaves, is a legal interest. The legal title to these slaves, upon the assignment of dower, vested in the widow for life, with remainder to the heirs; and these slaves, occupy a different attitude, from those which were retained by the administrator, and sold under the decree of the court. The title of Morriss to the dower slaves, so, far as Shadrack Barclay had title, is perfect, and it cannot be divested,by a subsequent contract, between Thomas S. and Shadrack Barclay, so long, as the previous contract, between Shadrack and Morriss,. remains in full force.
Wc are of opinion, that there is no evidence, sufficient to shew, that Morriss defrauded Shadrack Barclay, at the time these contracts were entered into, or that the contracts were executed through any mistake; and consequently, there is no foundation tion for vacating them. Considering them as in full force, Morriss having failed to get a decree, against the administrator and commissioners, for Shadrack’s interest in the estate, should, under his prayer for *380 general relief have obtained a decree against Shad-rack Barclay, for the amount received by him, from the administrator and commissioners, and which he ought to have paid over to Morriss. The court should also, to prevent future litigation, have decreed in fa-, vor of Morriss, against Thomas S. Barclay, a surrender of his claim, to Shadrack Barclay’s interest in the dower slaves, so that there shall be no difficulty, on the termination of the life estate, it was proper to dismiss the complainant’s bill with costs, as it respected the commissioners; but erroneous,in regard to Thomas S. and Shadrack Barclay. Shadrack should be left at liberty, to enforce his contract, against the com plain-ant^ for the annual contribution of $3Q, during life.
Denny and U. B. Chambers, for plaintiffs; Depew% for defendants.
Wherefore, the decree is reversed, and the cause remanded for proceedings, in conformity to.this opinion. The piaintiffin error, must recover his costs in this court, of ThomnsS. and Shadrack Barclay, and. pay costs to Webb, Craig, Stevenson, and Tarlton.